STATE *vs.* HARRY GAMBLE AND WILLIAM FITZPATRICK.

*Criminal Law—Larceny—Former Jeopardy—Discharge of Jury —Discretion of Court—Stare Decisis.*

The discharge of a jury when the Court is satisfied that a verdict cannot be reached, rests in the discretion of the Court. The case of *State vs. Carberry* is decisive of the question.

(*December 14, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Horace Greely Knowles* for the prisoners.

Court of General Sessions, New Castle County, November

Term, 1899.   On November 22d, the prisoners were tried in said Court on an indictment for larceny.   Upon the report of the jury that they could not agree the Court discharged them without the consent of the prisoners.

Mr. Knowles subsequently moved for the discharge of the prisoners on the following grounds :

*First.*   A person cannot twice be put in jeopardy or on trial for the same offense.   That the principle of former jeopardy is not only imbedded in our National and State Constitutions, but is universally accepted wherever there is trial by jury.

*Cooley's Const. Lims., 399 ; Thompson and Merriam on Juries, 352 ; People vs. Gage, 48 Cal., 323 (326); State vs. Callandine, 8 Iowa, 288 ; King vs. People, 5 Hun., 297 ; State vs. Walker, 26 Ind., 346 (352) ; Wright vs. State, 5 Ind,, 290 ; Weinzorpflin vs. State, 7 Blackford, 186.*

*Second.*   That an accused person is entitled to a verdict once his case is properly before a jury, and only a *legal* necessity can interfere and subject him to a second trial or ordeal.   That when the jury is discharged without such "legal or overriding necessity," and without the consent of the accused, it is equivalent to an acquittal and he should be discharged.

*Thompson and Merriam on Juries, 352 ; Am. & Eng. Ency. of Law, 950 ; Clark's Criminal Law, 374; People vs. Jones, 48 Mich., 554 ; Commonwealth vs. Fitzpatrick, 121 Pa., 109 ; People vs. Webb, 38 Cal., 467.*

*Third.*   That while the discharge of a jury is within the discretion of the Court, yet that discretion is not an arbitrary one, can only be exercised within certain rules, and is even then subject to review by an appellate Court.

*Am. & Eng. Ency. of Law, 955 ; People vs. Goodwin, 18 Johns, 187 ; United States vs. Perez, 9 Wheaton, 579.*

*Fourth.*   That a jury should not be discharged until it has been given a reasonable time to deliberate and the Court is fully convinced that a further deliberation may not result in a verdict.

*State vs. Schuchardt, 25 N. W., 722 ; Reese vs. State, 8 Ind., 416 ; Dobbing vs. State, 14 Ohio, 493 (502.)*

*Fifth.* That a jury should not be discharged in an unusual way or merely because of the press of other business, thus taking from the accused that chance of a verdict usually given to accused persons.

*Mr. Cooper* cited in opposition to the above contention the following cases:

*Slocum vs. the State of Delaware, 1 Houst. Crim. Cases, 205 ; State vs. Davis, 9 Houst., 407 ; State vs. Updike, 4 Harr., 581 ; State vs. Carberry (unreported Del. case); United States vs. Perez, 9 Wheaton, 579 ; Bishop's Crim. Law, Sec. 1033 ; Wharton on Homicide, Secs. 861 to 886.*

LORE, C. J. :—In this case, the jury were out between two and three hours. They returned and reported in open Court at the end of that time, that there was no possibility of any agreement, however long they might be kept out. From the well known character of the jury, upon careful inquiry, and from all the circumstances surrounding the case, the Court was satisfied that a verdict would not be reached. Thereupon, in the presence of the defendants and their counsel, and without objection on their part, the Court discharged the jury.

It is conceded, that the discharge of the jury in such cases is in the discretion of the Court. This is the generally accepted rule, and needs no citation of authorities.

In this State it is no longer an open question.

In the case of the *State vs. Carberry (unreported)*, which was an indictment for murder of the first degree; tried in the Court of Oyer and Terminer for New Castle County in 1881, the jury reported that they could not agree and were discharged by the Court without the consent of the accused. After an elaborate and exhaustive argument, by very able counsel, which occupied about two days, the Court held, that the discharge of the jury, which re-

ported it could not agree, was within the discretion of the Court. This case is decisive of the question.

We therefore refuse to discharge the prisoners.